Filed 12/2/25  P. v. Vega CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID DANIEL VEGA,<br><br>    Defendant and Appellant. | G064523<br><br>(Super. Ct. No. 08CF1081)<br><br>O P I N I O N |

        Appeal from a postjudgment order of the Superior Court of Orange County, Julian W. Bailey, Judge. Dismissed

        Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

David Daniel Vega challenges the denial of his petition for resentencing under Penal Code section 1172.75.[1] Because that provision does not permit a defendant to initiate resentencing, the trial court lacked jurisdiction to consider Vega's petition, and we likewise lack jurisdiction over this appeal. We therefore dismiss it.

FACTS

Vega was convicted of multiple felonies in 2009 and sentenced to 25 years to life in state prison. The trial court sustained two prison priors under former section 667.5, subdivision (b), but struck the punishment for those enhancements. Yet the abstract of judgment does not include the enhancements at all.

Years later, the Legislature retroactively limited the application of prison priors. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1053–1054.) And it enacted section 1172.75, to enable those serving time for now-invalid prison priors to be resentenced following a proceeding initiated by California's Department of Corrections and Rehabilitation (CDCR). (*People v. Rhodius*, at pp. 1054–1055.)

Vega then filed a petition for recall and resentencing, invoking section 1172.75. The trial court denied the petition after concluding he was ineligible for relief.

DISCUSSION

Section 1172.75 requires the CDCR itself to initiate resentencing proceedings for eligible state-prison inmates. (§ 1172.75, subd. (b).) Defendants cannot initiate these proceedings themselves by petition or motion. (E.g., *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448; *People v.*

---

[1] All statutory references are to this code.

*Burgess* (2022) 86 Cal.App.5th 375, 384.) And "[w]here a defendant whose conviction is final files a statutorily unauthorized "'freestanding'" petition, both the court below and this court lack jurisdiction to consider the arguments raised therein; thus, the appeal must be dismissed." (*People v. Garcia* (2025) 114 Cal.App.5th 139, 144, petn. for review pending.)

Contrary to Vega's contention, the trial court's discretionary authority to recall and correct a sentence on its own motion under section 1172.1, subdivision (a)(1), does not save his appeal. The court did not consider exercising its authority under this provision. And if it had, its decision to deny resentencing consideration would be unappealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 997 [§ 1172.1 "places no constraints on the trial court's decision declining to initiate reconsideration of a sentence . . . "].)

The Attorney General represents that the CDCR did not initiate Vega's resentencing under section 1172.75 because of the error in his abstract of judgment. If so, Vega's recourse is in moving the trial court to correct his abstract of judgment. We express no opinion on any subsequent eligibility for resentencing.

## DISPOSITION

The appeal is dismissed.


                SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.